OPINION
Appellant, David Lowe, appeals from the August 24, 2000 judgment entry of the Newton Falls Municipal Court wherein he was found guilty of violations of R.C. 4511.19(A)(1), driving under the influence of alcohol, and R.C. 4513.03, driving without lights.
Appellant was stopped by Trooper Pivovarnik ("Pivovarnik") on March 13, 2000, at approximately 6:50 p.m. Pivovarnik initially stopped appellant because he had not turned on his headlights. When Pivovarnik spoke to appellant, he noticed a strong odor of alcohol and asked appellant to exit his vehicle. He then conducted three field-sobriety tests, all of which appellant failed. Pivovarnik proceeded to arrest appellant for driving under the influence.
A suppression hearing was held on July 25, 2000, at which appellant argued that Pivovarnik lacked a reasonable articulable suspicion for stopping his vehicle. The trial court overruled appellant's motion to suppress in a July 26, 2000 judgment entry.
A jury trial was held on October 24, 2000. Appellant was found guilty of violations of R.C. 4511.19(A)(1) and R.C. 4513.03. The trial court, in its October 24, 2000 judgment entry, sentenced appellant to one hundred eighty days in jail, with one hundred seventy days suspended, fined him $1,500 plus costs, with $750 suspended, and suspended appellant's operator's license for three years.
Appellant has filed a timely appeal of the October 24, 2000 judgment entry and assigns the following errors to that entry:
 "[1.] The trial court erred by denying [a]ppellant's [m]otion to [s]uppress ([o]pinion and [j]udgment [e]ntry, July 26, 2000).
 "[2.] The preparation and performance of [a]ppellant's trial counsel was deficient and prejudiced [a]ppellant in such a way as to violate [appellant's] rights as guaranteed by the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.
 "[3.] The trial court erred as a matter of law and to the prejudice of [a]ppellant by denying [a]ppellant's [m]otion for [j]udgment of [a]cquittal pursuant to Crim. R. 29(A) with respect to all charges in violation of [a]ppellant's right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16
of the Constitution of the State of Ohio.
 "[4.] The judgments of conviction are against the manifest weight of the evidence, in violation of [a]ppellant's right to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution."
 Appellant contends, in his first assignment of error, that Pivovarnik did not have reasonable grounds to initiate a traffic stop; therefore, the trial court erred in denying his motion to suppress the evidence gathered as a result of that stop.
At the time that appellant was stopped by Pivovarnik, R.C. 4513.03, which has since been modified, provided that:
 "Every vehicle upon a street or highway within this state during the time from one-half hour after sunset to one-half hour before sunrise, and at any other time when there are unfavorable atmospheric conditions or when there is not sufficient natural light to render discernible persons, vehicles, and substantial objects on the highway at a distance of one thousand feet ahead, shall display lighted lights * * *."
 In this case, at the suppression hearing, Pivovarnik testified regarding the circumstances surrounding the initial stop of appellant: it was dusk; the atmospheric condition was cloudy; he had his headlights on, as did the other vehicles on the road; he could not observe a vehicle at a distance of more than five hundred feet at that time; and, he was not able to see appellant's vehicle until he was almost alongside of it.
As appellant mentions in his brief, Pivovarnik did testify that visibility was a mile at that time. However, he was referring to the visibility of illuminated objects, such as taillights and headlights.
In ruling upon a motion to suppress, the trial court weighs the evidence and judges the credibility of the witnesses. State v. Robinson
(June 30, 2000), Portage App. No. 99-P-0019, unreported, 2000 WL 895587, at 2. The appellate court, upon review of the trial court's decision, must accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. The appellate court must then determine whether the applicable legal standard has been met. Id.
Here, the trial court found that vehicles were not discernible at a distance of more than five hundred feet at the time appellant was stopped. This finding was based on the testimony of Pivovarnik, which provided competent and credible evidence to support the finding. In view of this finding, the trial court properly concluded that Pivovarnik had probable cause to initiate a traffic stop because appellant was in violation of R.C. 4513.03, which requires drivers to turn on their headlights when objects are not discernible at a distance of one thousand feet. For the foregoing reasons, appellant's first assignment of error lacks merit.
In his second assignment of error, appellant contends that the performance of his trial counsel was deficient to the point of constituting ineffective assistance of counsel. We agree.
To demonstrate ineffective assistance of counsel, it is incumbent upon appellant to prove that his counsel's performance fell below an objective standard and there exists a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus.
The case of State v. Homan (2000), 89 Ohio St.3d 421, was decided by the Supreme Court of Ohio on August 16, 2000. The Court held in Homan
that "[i]n order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures." (Emphasis added.) Id. at paragraph one of the syllabus.
The trial in the instant matter was held on October 24, 2000, two months after Homan was decided. Yet, appellant's counsel made no effort to suppress the field sobriety tests on the basis of Pivovarnik's failure to strictly comply with the Detection and Standardized Field Sobriety Testing, Student Manual of the National Highway Traffic Safety Administration ("the NHTSA manual").
An examination of the NHTSA manual, in conjunction with the trial transcript, indicates that Pivovarnik used reasonable discretion in administering the field sobriety tests, but failed to strictly comply with the guidelines set forth in the NHTSA manual. For the horizontal gaze nystagmus test, the NHTSA manual specifically requires that the officer look for three clues of nystagmus in each eye, for a total of six possible clues. If the officer finds four or more clues, it is likely that the suspect's blood-alcohol concentration is above 0.10. Pivovarnik testified that he did not bother to check for clue number two, distinct nystagmus at maximum deviation, because he had already found that appellant had lack of smooth pursuit (clue number one) and onset of nystagmus prior to 45 degrees. Further, by choosing not to test for distinct nystagmus at maximum deviation, he failed to give the tests in the proper order since the test for distinct nystagmus should be given immediately following the test for smooth pursuit.
With respect to the walk-and-turn test, the NHTSA manual requires a designated straight line. Pivovarnik testified that there was no line for appellant to follow. When conducting the one-leg stand test, the NHTSA manual states that the officer should always time the thirty seconds, and that the test should be discontinued after thirty seconds. Pivovarnik testified that he did not recall how long appellant was attempting to balance, only that he did not count to thirty. In short, Pivovarnik's own testimony indicates that he failed to strictly comply with the mandate of the NHTSA manual in conducting all three field-sobriety tests.
In view of the requirement set forth in Homan, that the police must administer the field-sobriety tests in strict compliance with the standardized procedures in order for those tests to serve as a significant basis of probable cause for an arrest for driving under the influence, it is our view that appellant's trial counsel fell below an objective standard by failing to challenge Pivovarnik's compliance with the NHTSA guidelines. The state contends that, even if the evidence of the field-sobriety tests had been suppressed, given the totality of the facts and circumstances, Pivovarnik would still have had probable cause to arrest appellant. We disagree.
Initially, we would note that Pivovarnik did not stop appellant on suspicion of drunk driving. He did not observe erratic driving on the part of appellant. Instead, he stopped appellant for a headlight violation. Additionally, at trial, the following exchange occurred between the prosecutor and Pivovarnik on re-direct examination:
 "Q. When you notice an odor of alcohol on [appellant's] person, and you indicate in your report, a very strong odor, did you make a decision right then and there that he was under the influence?
"A. No. That's why I had him exit the vehicle.
 "Q. So making your decision, in your opinion, you based it on all of the factors. You didn't pick one of these tests and say if he doesn't do four of six on this test, he's going to be under the influence, that's not how you did it?
"A. No."
 Thus, Pivovarnik's own testimony indicates that he did not have sufficient probable cause to arrest appellant for driving under the influence until he had actually conducted the field sobriety tests. In view of the foregoing, we conclude that but for trial counsel's failure to move to suppress the field sobriety tests, a reasonable probability exists that the result of the trial would have been different. Therefore, appellant's assertion of ineffective assistance of counsel is well-founded and his second assignment of error has merit.
We are reversing and remanding this matter as a result of ineffective assistance of trial counsel, consequently, appellant's third and fourth assignments of error are moot. The judgment of the Newton Falls Municipal Court is reversed and remanded.
NADER, J., concurs, GRENDELL, J., dissents.